UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK NOVAK and
SKYLAR NITESH,

        Plaintiffs,

                                    CASE NO.:

vs.

ANDREWS PLUMBING AND
ELECTRIAL, INC., a Florida For Profit
Corporation, and ROBERT ANDREWS,
Individually,

        Defendants.             /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, MARK NOVAK and SKYLAR NITESH, by and through the undersigned attorney, sues the Defendants, ANDREWS PLUMBING AND ELECTRIAL, INC., a Florida for Profit Corporation, and ROBERT ANDREWS, Individually, and alleges:

1. Plaintiff, MARK NOVAK and SKYLAR NITESH, were employees of Defendants and bring this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiffs, MARK NOVAK and SKYLAR NITESH were employees who worked at Defendants' property within the last three years in Walton County, Florida.

3. Plaintiffs, MARK NOVAK and SKYLAR NITESH, worked for Defendants as hourly paid employees at an hourly rate of $12.00 to $13.50 per hour depending on raises.

4. Plaintiffs, MARK NOVAK and SKYLAR NITESH, worked as Plumbers and Plumber's Assistant for Defendants.

5. At all times material to this cause of action, Plaintiffs, MARK NOVAK and SKYLAR NITESH, were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., is a Florida for Profit Corporation that operates and conducts business in Walton County, Florida and is therefore, within the jurisdiction of this Court.

7. According to the Florida's Division of Corporations website, Sunbiz.org, Defendant lists its principal address as 4452 State Hwy 83 N., Defuniak Springs, Florida 32433.

8. Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., operates as a plumbing business offering plumbing repair, water softener installation, leak detection, plumbing fixture installation, and other plumbing related services.

9. At all times relevant to this action, ROBERT ANDREWS was an individual resident of the State of Florida, who owned and operated ANDREWS PLUMBING AND ELECTRIAL, INC., and who regularly exercised the authority to: (a) hire and fire employees of ANDREWS PLUMBING AND ELECTRIAL, INC.; (b) determine the work schedules for the employees of ANDREWS PLUMBING AND ELECTRIAL, INC., and (c) control the finances and operations of ANDREWS PLUMBING AND ELECTRIAL, INC.. By virtue of having regularly exercised that authority on behalf of ANDREWS PLUMBING AND ELECTRIAL, INC., ROBERT ANDREWS is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiffs' employment with Defendants, Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., earned more than $500,000.00 per year in gross sales.

13. Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., employed in excess of ten (10) employees and paid these employees plus earned a profit from their business.

14. During Plaintiffs' employment, Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as PVC, piping, plumbing adhesive materials, pipe cleaning materials, and other tools/materials used to run the business.

15. Therefore, at all material times relevant to this action, Defendant, ANDREWS PLUMBING AND ELECTRIAL, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

16. Additionally, Plaintiffs, MARK NOVAK and SKYLAR NITESH, are individually covered under the FLSA.

17. Prior to filing this cause of action, the undersigned counsel sent certified correspondence to Defendants in an effort to resolve this matter without litigation. Unfortunately, Defendants did not respond.

## **FLSA VIOLATIONS**

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

19. During their employment with Defendants, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Plaintiffs' official paychecks would never exceed forty (40) hours per week.

21. Any hours in excess of forty (40) were paid in cash and at Plaintiffs' regular rate.

22. Plaintiffs are entitled to and still owed the half-time premium for all hours worked in excess of forty (40) per week.

23. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-24 above as though stated fully herein.

26. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

27. During their employment with Defendants, Plaintiffs worked overtime hours but was not paid time and one-half compensation for same.

28. Plaintiffs were paid their regular rate for all hours worked regardless of how many overtime hours were worked in the workweek.

29. Additionally, Defendants had a method of compensating Plaintiffs weekly by both paycheck and cash.

30. Specifically, Defendants would not compensate Plaintiff any more than forty (40) hours on his paycheck and would pay remaining wages in cash.

31. Defendants have failed provide accurate overtime compensation for numerous pay periods.

32. Defendants did not have a good faith basis for their decision not to pay Plaintiffs full overtime compensation.

33. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiffs have suffered damages plus incurred reasonable attorneys' fees and costs.

34. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

35. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, MARK NOVAK and SKYLAR NITESH demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 29th day of July, 2020

s/Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:    (407) 867-4791
Email: mgunter@forthepeople.com
Attorney for Plaintiffs