UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SKYLAR NITESH, and**
**MARK NOVAK,**

    **Plaintiffs,**

v.                                    CASE NO. 3:20cv5694-MCR/HTC

**ANDREWS PLUMBING AND**
**ELECTRICAL INC, and**
**ROBERT ANDREWS,**

    **Defendants.**
_____/

## ORDER

    Plaintiffs Skylar Nitesh and Mark Novak brought suit against Defendants Andrews Plumbing and Electrical, Inc. and its owner and operator, Robert Andrews, to recover unpaid overtime wages due and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The parties have reached a settlement and now jointly move for Court approval of its terms, stipulating to the dismissal of the action with prejudice on approval. ECF No. 9. Having fully considered the motion and the settlement agreement, the Court finds the motion is due to be granted and the settlement approved.

    "Congress made the FLSA's provisions mandatory; thus the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). The Eleventh Circuit explained in *Lynn's Food Stores* that claims for back-wages under the FLSA may be settled or compromised only when the Department of Labor supervises the payment of back-wages or when the court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. More precisely, courts must determine whether a compromise of a FLSA claim for wages represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

In a comprehensive review of *Lynn's Food Stores* and the principles underlying the FLSA, the Middle District of Florida described this inquiry as involving both internal and external factors. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241-43 (M.D. Fla. 2010). The internal factors include whether (1) the compromise is fair and reasonable to the employee; (2) the compromise resolves a bona fide dispute; (3) a confidentiality provision contravenes FLSA policy; (4) the compromise involves a prospective waiver of FLSA rights; and (5) the compromise awards reasonable attorneys' fees. *See id.* The external factors include whether the compromise otherwise frustrates the implementation of the FLSA, requiring the court to consider matters such as whether other employees are similarly situated or whether either the employer or the industry has a history of noncompliance. *Id.* at 1243-44. Additionally, in deciding the reasonableness of a compromise, the stage of the proceedings and amount of discovery completed must be considered, as well

as the complexity of the claim, probable success on the claim, the range of possible recovery, and the opinions of counsel. *See id.* at 1241.

Plaintiffs allege they worked for Defendants as a plumber and plumber's assistant within the last three years, earning an hourly rate of $12 or $13.50. They allege that they worked in excess of 40 hours per week but that their official paychecks would never exceed payment for 40 hours. Plaintiffs allege that instead of receiving time-and-a-half for overtime, they were paid their regular rate, in cash, for all overtime hours. Plaintiffs maintain that they are non-exempt employees covered under the FLSA and that Defendants are employers and an enterprise covered under the FLSA. Defendants have not yet filed an answer, but the parties represent that Defendants deny all wrongdoing and liability.

The parties exchanged pertinent documentation and engaged in settlement discussions, with each side represented by counsel, and now represent that they have reached a compromise. The parties expressed their good faith wish to avoid litigation and settle the matter expeditiously, despite the Defendants continued denial of all liability. The parties have agreed to pay a total of $15,117.50 to settle the dispute. According to the settlement terms, Plaintiff Mark Novak will receive $4,520 as unpaid overtime less applicable taxes and $2,260 as consideration for liquidated and other damages; Plaintiff Skylar Nitesh will receive 2,225 for unpaid overtime, less applicable taxes, and $1,112.50 as consideration for liquidated and

other damages; also, Plaintiffs attorneys will receive the sum of $5,000 to resolve the Plaintiffs' claim for attorneys' fees and costs.[1] The agreement states that the attorneys' fees amount has been agreed to separately and without regard to the amounts paid to the Plaintiffs. In addition, the parties include a limited release of any all claims FLSA claim Plaintiffs have, might have, or believe they have against Defendants as of the date of the agreement. The parties represent that no other consideration exists and that the consideration provided is adequate to compensate Plaintiffs' unpaid overtime claims.

Having fully reviewed the matter, the Court finds the FLSA settlement agreement fair and reasonable. The parties have compromised a *bona fide* dispute in good faith after exchanging documents and participating in discussions with the aid of experienced counsel. There is no confidentiality agreement that would contravene FLSA policy and no prospective waiver of FLSA claims. The release is appropriately limited to the FLSA claims raised in this litigation or that could have been raised, and although the Complaint did not indicate an amount that Plaintiffs were claiming was due, they now expressly agree that the settlement sums will fully and properly compensate them for all hours worked. Additionally, the parties represent that the attorneys' fee award was separately negotiated without regard to

---

[1] The settlement also states that Defendants will provide IRS W-2 and 1099 forms for the various amounts paid.

the amounts awarded to the Plaintiffs.  Thus, there is no reason to believe that the attorneys' fee recovery adversely influenced the amount of recovery on Plaintiffs' FLSA claims.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  The Court finds that the settlement reflects a fair and reasonable compromise of disputed issues, and therefore, it will be approved, promoting the policy of encouraging the settlement of litigation.  *See Lynn's Foods*, 679 F.2d at 1354.  Also, based on the parties' stipulation of dismissal, the case will be dismissed with prejudice.

Accordingly, the Joint Motion for Court Approval of FLSA Settlement Agreement and stipulation for dismissal with prejudice, ECF No. 9, is **GRANTED**, and the case is **DISMSSED with prejudice** pursuant to the parties' settlement and stipulation.  The Clerk is directed to close the file, and there is no award of attorneys' fees and costs, as these matters are provided for in the parties' agreement.

**DONE and ORDERED** this 22nd day of September 2020.


*M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**